ZEICHNER ELLMAN & KRAUSE LLP

575 LEXINGTON AVENUE

NEW YORK, NEW YORK 10022

(212) 223-0400

FAX: (212) 753-0396

www.zeklaw.com

DIRECT DIAL
(212) 826-5358
tdavis@zeklaw.com

35 MASON STREET
GREENWICH, CT 06830
(203) 622-0900
FAX: (203) 862-9889

103 EISENHOWER PARKWAY
ROSELAND, NJ 07068
(973) 618-9100
FAX: (973) 364-9960

July 22, 2013

**BY ECF**

Honorable Kiyo Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**DeJesus et al. v. BAC Home Loans Servicing, LP, f/k/a
Countrywide Home Loans Servicing, LP et al.
Case No. 13-2864 (KAM) (VVP)
(Letter Request for Permission to Move to Dismiss)**

Dear Judge Matsumoto:

      We represent defendant BAC Home Loans Servicing, LP, f/k/a Countrywide Home Loans Servicing, LP ("BAC"), in the referenced action. We write to request a pre-motion conference to seek permission for BAC to make a motion to dismiss, in its entirety, Plaintiffs Juan and Santa DeJesus' ("Plaintiffs") complaint (the "Complaint").[1]

      Because of the factual and legal insufficiency of Plaintiffs' claims, Plaintiffs cannot establish that the Complaint "contains sufficient factual matter ... to state a claim ... that is plausible on its face upon which relief can be granted." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Moreover, Plaintiffs' federal claims are time barred. Independently, the case should not proceed as a class action.

      In this putative class action, Plaintiffs rely on conclusory allegations and boilerplate text from numerous provisions of the Fair Debt Collection Practices Act ("FDCPA") to allege that BAC purportedly violated the FDCPA by making false statements in a pending state foreclosure action complaint (the "Foreclosure Complaint") against Plaintiffs.[2] Plaintiffs contend that BAC misrepresented in the Foreclosure Complaint that it owned, rather than serviced, the mortgage loan, and failed to disclose that it was allegedly no longer the loan

---

[1] Pursuant to the Court's Individual Rule IV.B.1, this letter is BAC's response to the Complaint, which the parties agreed, in a letter endorsed order dated June 18, 2013, would be served on or before July 23, 2013.

[2] In 2010, after Plaintiffs defaulted on their $497,350.00 mortgage loan, BAC retained co-defendant, the law firm of Frenkel, Lambert, Weis, Weisman & Gordon LLP, to commence a foreclosure action, which is currently pending against Plaintiffs in New York Supreme Court, Kings County, as BAC Home Loans Servicing, LP, fka Countrywide Home Loans Servicing, LP v. Juan De Jesus et al., Index No. 15133/2010 (the "Foreclosure Action"). See Compl. ¶ 20. Failing to answer the Foreclosure Complaint, Plaintiffs filed and now have pending a motion to vacate a default judgment before the state court, in which they raise the same allegations as in this action, instead claiming that BAC lacks standing to proceed with the Foreclosure Action. See generally Compl.

ZEICHNER ELLMAN & KRAUSE LLP

Honorable Kiyo Matsumoto
July 22, 2013
Page 2

servicer.[3] Without alleging a factual basis for relief, Plaintiffs regurgitate the legal standards for NY General Business Law ("GBL") § 349 in claiming that the statute has been violated (Count VII). Compl. ¶¶ 97-103.

The Complaint is facially insufficient to meet the standards of Rule 8 of the Fed.R.Civ.P. and should be dismissed, under Fed.R.Civ.P. 12(b)(6), and the class action allegations stricken, under Fed.R.Civ.P. 23(d)(1)(D), on the grounds, inter alia, there is no valid claim against BAC, under FDCPA or GBL §349. A pleading under Rule 8 (2) must contain factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." See Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L. Ed2d 868 (2008) (court not bound to accept as true "a legal conclusion couched as a factual allegation"); Twombly, supra (labels and conclusions or "formulaic recitation of the elements of a cause of action" are insufficient to satisfy the pleading standards of Rule 8).

Here, all of Plaintiffs' FDCPA claims fail to meet the pleading standards of Rule 8. The Complaint is devoid of facts showing that BAC, as the predecessor in interest to Bank of America, N.A., the current holder of Plaintiffs' mortgage loan, qualifies as a debt collector, thus triggering application of the FDCPA. See Compl. ¶10; 15 U.S.C. §1692a(6)(A), (B) and (F) (creditors and affiliates of creditors sharing common ownership are not "debt collectors" under the FDCPA); see also Gabriele v. American Home Mortgage Servicing, Inc., 503 Fed. Appx. 89 (2d Cir. 2012). In the absence of facts showing the FDCPA applies, the Complaint must be dismissed.

Moreover, even assuming the FDCPA applies, the FDCPA claims are time-barred. According to Plaintiffs, all of the purported misrepresentations that were allegedly made in violation of the FDCPA emanate from the Foreclosure Complaint. See Compl. ¶¶ 21-25. The Foreclosure Complaint was filed on June 18, 2010 and served on July 10, 2010. To be actionable, an FDCPA claim must be commenced within one year. See Compl. ¶ 20; 15 U.S.C. § 1692k(d); Shieh v. Chase Bank USA, N.A., 2012 U.S.Dist. LEXIS 93956, *4 (E.D.N.Y. 2012) (citing § 1692k(d)"[a]ll claims under FDCPA must be brought within one year from the date on which the violation occurred" [internal quotations omitted]). The Foreclosure Complaint was filed and served more than three years ago. Thus, all of Plaintiffs' purported FDCPA claims are untimely and, therefore, ripe for dismissal.

Additionally, because the allegedly improper representations and purported nondisclosures occurred in the context of a pending legal proceeding, they are not actionable. "[T]he protective purposes of FDCPA typically are not implicated when a debtor is instead protected by the court system and its officers." See Cocco v. Bank of America Home Loans, 2012 U.S. Dist. LEXIS 173663, *2 (N.D.N.Y 2012), citing Gabriele v. Am. Home Mortg. Serv. Inc., supra 2012 U.S. App. LEXIS 24478, *5 (2d Cir. 2012) and Simmons v. Roundup Funding, LLC., 622 F.3d 93, 96 (2d Cir. 2010); see also Derisme v. Hunt, 880 F. Supp.2d 311 (Dist. Conn. 2012). Particularly here where, in addition to the protection of the court, Plaintiffs

---

[3] Relying on the same conclusory allegations, without any variation of the purported facts, Plaintiffs allege that BAC violated FDCPA sections: **1692f(1)** – attempting to collect an amount unauthorized by agreement (Count I); **1692e** – using false, deceptive or misleading representations (Count II); **1692e(2)** – making false representations about the character, amount, legal status of the alleged debt (Count III); **1692e(10)** – using false representations or deceptive means to collect a debt (Count IV); **1692d** – engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person (Count V); **1692f** – using unfair or unconscionable means to collect or attempt to collect any debt (Count VI).

ZEICHNER ELLMAN & KRAUSE LLP

Honorable Kiyo Matsumoto
July 22, 2013
Page 3

were (are) represented by counsel in the Foreclosure Action, the FDCPA does not apply. Izmirligil v. Bank of New York Mellon, et al., 2013 U.S.Dist. LEXIS 47641, *4 (E.D.N.Y. 2013) (presumptively mortgagor represented by counsel are afforded protection by counsel rather than FDCPA).

Moreover, BAC retained an independent law firm to prosecute the Foreclosure Action. Compl. ¶ 20. As such, under the FDCPA, BAC is not vicariously liable for the actions of its retained counsel. See Burns v. Bank of America, et al., 655 F. Supp.2d 240, 254 ("a creditor that is not itself a debt collector is not vicariously liable for the actions of a debt collector it has engaged to collect its debts").

Further, Plaintiffs' purported GBL §349 claim is completely devoid of any factual support, as there are no plausible allegations of a fraud[4] on Plaintiffs or the public at large. Likewise, the class action allegations are woefully insufficient and clearly should be stricken where, as here, the claims asserted in the complaint involve a preponderance of individualized factual questions and render the action unsuitable for class treatment.[5]

Finally, given the breadth and severity of defects found throughout the Complaint and the unsubstantiated impact these defects will have on the scope of discovery, BAC also seeks a stay of discovery pending a decision on the motion. See Ashcroft v. Iqbal, supra 129 S.Ct. at 1950 (finding that a plaintiff armed with nothing more than conclusions does not "unlock the doors to discovery[.]").

Based upon the reasoning set forth herein, BAC respectfully requests a pre-motion conference to seek permission to move to dismiss the Complaint. In proposing a briefing schedule, we have several conflicting vacation schedules and thus request that the Court grant BAC until September 20, 2013, to serve its motion, Plaintiffs until October 21, 2013 to serve their opposition and BAC until November 4, 2013 to serve its reply and for filing of the motion papers.

Respectfully,

Tracee E. Davis

TED:mr

cc:   Abel L. Pierre, Esq. (By ECF)
      Richard Granofsky, Esq. (By ECF)

---

[4] The entire sum of Plaintiffs' facially deficient allegations of a purported GBL §349 violation (Count VII) aver that BAC's "regular business practice is to harass consumer in an abusive manner as a means of pressuring debtors" without any factual basis to support a viable claim. Compl. ¶¶ 96-103. Thus it clearly fails to satisfy the pleading requirements of Rule 8.

[5] Plaintiffs allegedly assert these claims on behalf of a putative class of: "[a]ll persons who defendants' records show resided in New York and who were listed as defendants in 'foreclosed' (sic) actions brought on behalf of BAC in which (a) defendant-foreclosure counsel is listed as attorneys for BAC; (b) foreclosure actions were initiated against 'mortgagees' (sic) seeking payment of a mortgage debt; (c) the foreclosure actions were served on said 'mortgagees' (sic); (d) 1692(g) for contradicting and confusing the 'mortgagee' (sic) as to his/her rights and (e) 1692(f) for conducting unfair practices to attempt to collect a debt by means of duress and coercion." Compl. ¶ 105.