```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
```

JUAN DEJESUS and SANTA DEJESUS, as
individuals and on behalf of others
similarly situated,

                    Plaintiffs,

   -against-

BAC HOME LOANS SERVICING, LP, fka
COUNTRYWIDE HOME LOANS SERVICING, LP
AND FRENKEL, LAMBERT, WEISS, WEISMAN &
GORDON, LLP,

                    Defendants.

**MEMORANDUM AND ORDER**

13-CV-2864(KAM)(VVP)

```
----------------------------------------X
```
**MATSUMOTO, United States District Judge:**

        On May 15, 2013, plaintiffs Juan DeJesus and Santa DeJesus ("plaintiffs") filed the instant Complaint against BAC Home Loans Servicing, LP, fka Countrywide Home Loans Servicing, LP ("BAC") and Frenkel, Lambert, Weiss, Weisman & Gordon, LLP ("Frenkel Lambert" and together, "defendants"), on behalf of themselves and others similarly situated, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and § 349 of the New York General Business Law ("GBL"). Plaintiffs seek damages for the alleged FDCPA violations by defendants during the course of a pending state foreclosure action against them. Defendants have moved to dismiss the Complaint as time-barred and for failure to state a claim upon which relief can be granted pursuant to Federal Rule

of Civil Procedure 12(b)(6).  Defendant Frenkel Lambert has moved in the alternative for pre-answer summary judgment against plaintiffs pursuant to Federal Rule of Civil Procedure 56.  For the reasons that follow, defendants' motions to dismiss the Complaint are granted with prejudice, because any amendment by plaintiff would be futile.

## BACKGROUND

Plaintiffs' complaint (ECF No. 1, Complaint) contains few factual allegations, which are taken to be true for the purpose of deciding the instant motions and can be summarized as follows.  On July 28, 2008, plaintiffs, residents of Kings County, New York, obtained a mortgage loan for $497,350 from All American Home Mortgage Corp. ("All American"), which was recorded by Mortgage Electronic Registration Systems ("MERS") as nominee for All American.  (Compl. ¶¶ 18-19.)  On June 15, 2010, defendant Frenkel Lambert filed a foreclosure action on behalf of BAC (*BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP v. Juan De Jesus, Santa De Jesus, et al.*, Index No. 15133/2010 (the "Foreclosure Action")) against plaintiffs in the Supreme Court of New York, Kings County.  (Compl. ¶ 20.) BAC's complaint (the "Foreclosure Complaint") averred that BAC was the holder of both the note and the mortgage by way of assignment.  (*Id*. ¶ 21.)  The Foreclosure Complaint only attached, however, an assignment of the mortgage and not an

assignment of the note. (*Id.*) The Foreclosure Complaint stated that the balance of principal was owed to BAC as the "sole, true and lawful owner of the said note and mortgage securing the same." (*Id.* ¶¶ 22-23.) The Foreclosure Complaint further alleged in relevant part:

> The note and mortgage were assigned to BAC Home Loans Servicing, LP, fka Countrywide Home Loans Servicing, LP by an assignment which is in the process of being recorded. Plaintiff is also in possession of the original note with a proper endorsement and/or allonge and is therefore, the holder of both the note and mortgage, which passes as incident to the note. A copy of the mortgage and assignment is annexed hereto as Exhibit B.

(ECF No. 18-5, Decl. of Barry Weiss ("Weiss Decl.") Ex. C ¶ 4.)[1] At some point in 2011, BAC sent a letter to plaintiffs informing them that, as of July 1, 2011, the servicing of their mortgage loan was transferred to another entity and BAC would no longer be the loan servicer. (*Id.* ¶ 26.) Although this change occurred after the Foreclosure Action had been filed in state court, neither BAC nor Frenkel Lambert notified the state court that BAC was no longer the loan servicer for plaintiffs' mortgage. (*Id.* ¶ 27.)

Plaintiffs allege in their complaint in this action, upon information and belief, that both BAC and Frenkel Lambert

---

[1] In resolving a motion to dismiss, "courts may consider the full text of documents that are quoted in the complaint or documents that the plaintiff either possessed or knew about and relied upon in bringing the suit." *Holmes v. Air Line Pilots Ass'n, Int'l*, 745 F. Supp. 2d 176, 193 (E.D.N.Y. 2010) (internal quotation marks omitted).

3

are "debt collectors" as defined in 15 U.S.C. § 1692a(6) and that they regularly attempt to collect consumer debts alleged to be due to another. (*Id.* ¶¶ 10, 13-14.) Plaintiffs allege that it is defendants' policy and practice to collect money from mortgagees by commencing foreclosure proceedings, to communicate false information to New York courts in collecting alleged debts, and to engage in false or misleading collection attempts for the sole purpose of harassing consumers. (*Id.* ¶¶ 35-39.) In accordance with those practices, according to plaintiffs, defendants attempted to collect an alleged debt from plaintiffs via the Foreclosure Action. (*See id.* ¶ 15.)

The other relevant facts in this case, also the subject of the still-pending Foreclosure Action, are taken from the parties' statements pursuant to Local Civil Rule 56.1 and the admissible evidence contained in the exhibits cited and annexed to the parties' motion papers, and are undisputed unless otherwise indicated. The court views the facts in the light most favorable to the nonmoving party with respect to each motion.

Prior to filing the Foreclosure Action, Frenkel Lambert gained physical possession of the original note signed by plaintiffs and note allonge, which had been endorsed to Countrywide Bank, FSB and then endorsed by Countrywide Bank, FSB in blank. (ECF No. 18-2, Weiss Decl ¶ 5); *see also* ECF No. 18-

4

4, Weiss Decl. Ex. B at 2-5.)  Frenkel Lambert had also received a copy of the plaintiffs' mortgage and an assignment of the mortgage to BAC dated May 21, 2010.  (Weiss Decl. ¶ 5; *see also* Weiss Decl. Ex. B at 6-17.)  Plaintiffs contend that they are "without knowledge as to whether [the submitted copies of the note, note allonge, mortgage, and mortgage assignment] are 'true and correct' copies of those documents."[2]  (ECF No. 19, Counterstatement of Material Facts ("Pls.'s Stmt.").)

The Foreclosure Complaint alleged that plaintiffs failed to make mortgage payments due on June 1, 2009 and their default continued for a period in excess of 15 days. (Weiss Decl. Ex. C ¶ 8).  The Foreclosure Action was filed approximately one year later on June 18, 2010, and a default was entered against plaintiffs after they failed to answer the Foreclosure Complaint.  (Weiss Decl. ¶ 6, Ex. C.)  Plaintiffs, through their counsel, Abel Pierre, Esq., who also represents them in this case, moved to vacate their default in answering the Foreclosure Complaint on March 10, 2011.  (Weiss Decl. ¶ 7; *see also* ECF No. 18-6, Weiss Decl. Ex. D, Mot. to Vacate

---

2 In support of its motion to dismiss, BAC submitted a declaration from Susan E. Magaddino, an "AVP/OPS Team Manager" for Bank of America, N.A., successor by merger to BAC.  (*See* ECF No. 23, Decl. of Susan Magaddino ("Magaddino Decl.".)  In her declaration, Ms. Magaddino states that she has access to and is familiar with the business records relating to the "history, administration and collection activities" of plaintiffs' mortgage, and that the relevant records "were made at or near the time of the actions or events they reflect by, or from information transmitted from, a person with knowledge of the subject transaction in the regular practice and ordinary course of business."  (*Id.* ¶¶ 4-5.)

5

Default.)  Frenkel Lambert, as counsel for BAC, filed an affirmation in opposition to the motion to vacate on April 29, 2011, and Mr. Pierre submitted a reply affirmation on May 14, 2013.  (Weiss Decl. ¶¶ 8-9.)  The fully-briefed motion was submitted to the Honorable Kenneth Sherman of the Supreme Court of New York, Kings Country on May 22, 2013,[3] and is still pending as of the date of this Memorandum and Order.  (*Id.* ¶ 10.)

After filing their motion to vacate their default in the Foreclosure Action, plaintiffs were notified by BAC that it would no longer be the servicer for plaintiffs' mortgage.  On July 1, 2011, BAC advised plaintiffs that it had merged with and into Bank of America, N.A., which took over servicing plaintiffs' loan.  (Compl. ¶ 26; ECF No. 23, Magaddino Decl. ¶ 8; *see also* Magaddino Decl. Ex. C.)  Plaintiffs state that, after receiving the letter from BAC, they did not know what entity held their loan and to whom they should make payments.  (ECF No. 19-2, Aff. of Juan DeJesus in Opp. to [Frenkel Lambert's] Mot. to Dismiss ¶ 6; ECF No. 19-2, Aff. of Santa DeJesus in Opp. to [Frenkel Lambert's] Mot. to Dismiss ¶ 6.)  Plaintiffs also allege that defendants never informed the state court that BAC was no longer servicing the loan.  (Compl. ¶ 27.)

Plaintiffs filed the instant action on May 15, 2013,

---

[3] Plaintiffs aver that they do not know when the motion was submitted to the Kings County Supreme Court.  (Pls.'s Stmt. ¶ 6.)

6

one day after Mr. Pierre submitted a reply affirmation in support of plaintiffs' motion to vacate the default in the Foreclosure Action. On September 27, 2013, defendant BAC served a motion to dismiss the complaint and defendant Frenkel Lambert served a motion to dismiss and motion for summary judgment on plaintiffs. Plaintiffs served their opposition papers on November 4, 2013, and defendants replied and filed the fully-briefed motions on November 18, 2013.

## DISCUSSION

**I. Standard of Review**

Pursuant to Rule 12(b)(6), a plaintiff's complaint must be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss, the court must "accept as true all allegations in the complaint and draw all reasonable inferences in favor of the non-moving party." *Gorman v. Consol. Edison Corp.*, 488 F.3d 586, 591-92 (2d Cir. 2007) (internal citations omitted). Nonetheless, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To be plausible, the alleged factual content must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct

7

alleged." *Matson v. Bd. of Educ. of City Sch. Dist. of NY*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678). While "detailed factual allegations" are unnecessary and unexpected, the court must be able to "infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 678-679. If the complaint permits no such inference, "it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. (quoting Fed. R. Civ. P. 8(a)(2)).

**II. FDCPA Claims**

Plaintiffs allege that BAC and Frenkel Lambert engaged in unfair and deceptive practices under §§ 1692d, 1692e, and 1692f of the FDCPA by initiating foreclosure proceedings that BAC did not have authority to pursue and by failing to inform the foreclosure court of the shift of the servicing of plaintiffs' mortgage from BAC to BANA after their merger. Defendants argue that plaintiffs' claims are time-barred under the FDCPA and fail to state a claim as a matter of law. For the reasons discussed below, plaintiffs' FDCPA claims are dismissed as untimely.

The FDCPA requires that a claim under the statute be filed "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d); *see also Kearney v. Cavalry Portfolio Services, LLC*, No. 12-cv-860, 2014 WL 3778746, at *4 (E.D.N.Y. Jul. 31, 2014). Plaintiffs commenced this action on

May 15, 2013; thus, any claims must have accrued by May 15, 2012 in order to be timely under the FDCPA.  The complaint alleges that defendants made false and misleading statements in a foreclosure action they commenced on June 15, 2010 against the plaintiffs and others in New York State Supreme Court.  (Compl. ¶¶ 20-25.)  The only other misstatement specifically alleged in the complaint is defendants' alleged failure to notify the state court that BAC was no longer the servicer of plaintiffs' loan, a change that became effective on July 1, 2011.  (*Id.* ¶¶ 26-28.)  Because plaintiffs fail to allege FDCPA violations by defendants on or after May 15, 2012, their claims are untimely.

To avoid the result of the FDCPA's statute of limitations, plaintiffs argue that the defendants "committed a new violation of the FDCPA each and every time they filed a document or made a statement in the foreclosure action concerning BAC's authority...to proceed with the action."  (ECF No. 19-3, Pls.'s Mem. of Law in Opp. to [Frenkel Lambert's] Mot. to Dismiss ("Opp. to Frenkel Lambert") at 12; *see also* ECF No. 27, Pls.'s Mem. of Law in Opp. to [BAC's] Mot. to Dismiss ("Opp. to BAC") at 15.)  Plaintiffs' reliance on *Sierra v. Foster & Garbus*, 48 F. Supp. 2d 393, 395 (S.D.N.Y. 1999), in support of their timeliness argument is misplaced.  In that case, the district court dismissed the plaintiff's FDCPA claim as time-barred because the alleged violative communication took place

9

more than one year prior to plaintiff's commencement of his FDCPA claim. In finding the plaintiff's claim to be untimely, the court rejected the plaintiff's theory that subsequent communications relating to the same initial violation constituted independent violations of the FDCPA. *Id.* ("If plaintiff's theory were correct, however, his cause of action could be kept alive indefinitely because each new communication would start a fresh statute of limitations.").

The other cases cited by plaintiff are similarly inapposite. In *Coble v. Cohen & Slamowitz, LLP*, 824 F. Supp. 2d 568, 570 (S.D.N.Y. 2011), the plaintiffs' cause of action included affirmative misrepresentations in connection with invalid affidavits that were alleged to have occurred within the one-year statute of limitations, and the court held that those claims could proceed as timely-filed. The *Coble* court concluded that the FDCPA claims against two other defendants, however, were time-barred because "the complaint does not specifically allege defendants violated the FDCPA with respect to [those defendants] within a year of the commencement of this action."[4] *Id.* at 571. Here, plaintiffs have not alleged any specific violations by defendants within the one-year statutory period; instead, they attempt to argue that the fact that the

---

[4] The court ultimately denied defendants' motion to dismiss those claims after finding that equitable tolling applied. *Id.* at 572. As discussed below, plaintiffs in this case have not alleged facts suggesting that their claims are subject to equitable tolling.

10

Foreclosure Action is ongoing requires a finding that their FDCPA claim is timely. The established law in this Circuit does not support such a result. Plaintiffs' claims accrued at the time the Foreclosure Action was filed (and/or when they received the July 1, 2011 notice of the BAC and BANA merger). *See Calka v. Kucker, Kraus & Bruh, LLP*, No. 98 CIV. 990, 1998 WL 437151, at *3 (S.D.N.Y. Aug. 3, 1998) (action based on filing of improper lawsuit accrues when complaint is filed, not when later documents are filed).

Thus, taking the facts as alleged to be true, the FDCPA violation occurred when the Foreclosure Action was filed on June 15, 2010 or when BAC notified plaintiffs of the change in loan servicer on or before July 1, 2011. The instant complaint was filed on May 15, 2013, more than one year after the purported violations, and plaintiffs have not alleged facts suggesting that their claims are subject to equitable tolling. Accordingly, plaintiffs' claims are barred by the FDCPA's one-year statute of limitations.

**III. General Business Law**

In addition to the federal FDCPA claims, plaintiffs assert a claim under New York GBL § 349. The court generally should decline to exercise jurisdiction over the pendent state claim after having dismissed plaintiffs' federal claims. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966);

*Somin v. Total Cmty. Mgmt. Corp.*, 494 F. Supp. 2d 153, 160 (E.D.N.Y. 2007). In the alternative, however, plaintiffs' claim under GBL § 349 is unsustainable on the facts alleged in the complaint.

GBL § 349 prohibits all "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state." GBL § 349(a). A plaintiff bringing a claim under GBL § 349 must allege that "(1) the act or practice was consumer-oriented; (2) the act or practice was misleading in a material respect; and (3) the plaintiff was injured as a result." *Fritz v. Resurgent Capital Servs., LP*, 955 F. Supp. 2d 163, 173 (E.D.N.Y. 2013) (citing *Spagnola v. Chubb Corp.*, 574 F.3d 64, 74 (2d Cir. 2009)).

To establish that a defendant's conduct was "consumer-oriented," plaintiffs must allege that defendants' "acts or practices have a broader impact on consumers at large." *Id.* (quoting *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank,* 85 N.Y.2d 20, 25 (N.Y. 1995)). "Private contract disputes, unique to the parties, [do] not fall within the ambit of the statute." *Id.* Here, the acts alleged by plaintiffs affected plaintiffs alone and are unlikely to have a "broader impact on consumers at large." Plaintiffs' claim arises out of a foreclosure proceeding against plaintiffs in which they dispute the validity of the assignment of their note and

12

mortgage to BAC. Because this is a dispute that is unique to the parties involved, plaintiffs have failed to plead a consumer-oriented practice by defendants. Accordingly, the GBL § 349 claim is dismissed.

**IV. Motion to Strike Class Allegations**

BAC also moves, in the alternative, to strike the class allegations from the complaint. "Motions to strike are generally looked upon with disfavor." *Calibuso v. Bank of Am. Corp.*, 893 F. Supp. 2d 374, 383 (E.D.N.Y. 2012) (internal citations omitted). The issues raised by BAC are premature and properly dealt with on a motion for class certification; however, because the court dismisses plaintiffs' complaint in its entirety, the court need not address the motion to strike.

**V. Leave to Replead**

In their opposition brief, plaintiffs request leave to amend their complaint pursuant to Rule 15(a) in the event the Court grants defendants' motions to dismiss. (Opp. to Frenkel Lambert at 14-16; *see also* Opp. to BAC at 42.) Although leave to amend is liberally granted in accordance with Federal Rule of Civil Procedure 15(a)(2), the district court has the discretion to deny leave to amend for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment,

futility of amendment, etc." *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008) (internal quotation marks omitted) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). Because plaintiffs' FDCPA claims are untimely, their request for leave to amend is denied, as any amendment would be futile.

## CONCLUSION

For the reasons discussed above, defendants' motions to dismiss are granted, and the complaint is dismissed in its entirety with prejudice. The Clerk of Court is respectfully requested to enter judgment in favor of defendants and close this case.

**SO ORDERED.**

Dated:  September 26, 2014
        Brooklyn, New York

/s/
Kiyo A. Matsumoto
United States District Judge